1   BILAL A. ESSAYLI
    Acting United States Attorney
2   CHRISTINA T. SHAY
    Assistant United States Attorney
3   Chief, Criminal Division
    KEVIN Y. FU (Cal. Bar No. 319465)
4   Assistant United States Attorney
    Orange County Office
5        United States Attorney's Office
         411 West Fourth Street, Suite 8000
6        Santa Ana, California 92701
         Telephone: (714) 338-3576
7        Facsimile: (714) 338-3561
         E-mail:   Kevin.Fu@usdoj.gov
8
    Attorneys for Plaintiff
9   UNITED STATES OF AMERICA

```
                    FILED
            CLERK, U.S. DISTRICT COURT

                  8/5/2025

        CENTRAL DISTRICT OF CALIFORNIA
        BY:      E.C.        DEPUTY
```

10                   UNITED STATES DISTRICT COURT

11               FOR THE CENTRAL DISTRICT OF CALIFORNIA

12   UNITED STATES OF AMERICA,        No. CR **8:25-cr-00146-JWH**

13              Plaintiff,            <u>PLEA AGREEMENT FOR DEFENDANT
                                      GABRIEL RODRIGUEZ</u>
14                   v.

15   GABRIEL RODRIGUEZ,

16              Defendant.

17

18       1.   This constitutes the plea agreement between Gabriel

19   Rodriguez ("defendant") and the United States Attorney's Office for

20   the Central District of California (the "USAO") in the investigation

21   into a July 3, 2025 attack on a car driven by federal officers.  This

22   agreement is limited to the USAO and cannot bind any other federal,

23   state, local, or foreign prosecuting, enforcement, administrative, or

24   regulatory authorities.

25                        DEFENDANT'S OBLIGATIONS

26       2.   Defendant agrees to:

27            a.   Give up any right to indictment by a grand jury and,

28   at the earliest opportunity requested by the USAO and provided by the

Court, appear and plead guilty to a one-count information, in the form attached to this agreement as Exhibit 1 or a substantially similar form, that charges defendant with depredation of government property, in violation of 18 U.S.C. § 1361.

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.    Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

i.    Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all

1  of the documents requested therein, to the USAO by either email at

2  usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

3  Litigation Section at 300 North Los Angeles Street, Suite 7516, Los

4  Angeles, CA 90012.  Defendant agrees that defendant's ability to pay

5  criminal debt shall be assessed based on the completed Financial

6  Disclosure Statement and all required supporting documents, as well

7  as other relevant information relating to ability to pay.

8           j.    Authorize the USAO to obtain a credit report upon

9  returning a signed copy of this plea agreement.

10          k.    Consent to the USAO inspecting and copying all of

11 defendant's financial documents and financial information held by the

12 United States Probation and Pretrial Services Office.

13                        THE USAO'S OBLIGATIONS

14    3.    The USAO agrees to:

15          a.    Not contest facts agreed to in this agreement.

16          b.    Abide by all agreements regarding sentencing contained

17 in this agreement.

18          c.    At the time of sentencing, provided that defendant

19 demonstrates an acceptance of responsibility for the offense up to

20 and including the time of sentencing, recommend a two-level reduction

21 in the applicable Sentencing Guidelines offense level, pursuant to

22 U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

23 additional one-level reduction if available under that section.

24          d.    With respect to the single count in the information,

25 recommend that defendant be sentenced to a term of imprisonment no

26 higher than the low end of the applicable Sentencing Guidelines

27 range.  For purposes of this agreement, the low end of the Sentencing

28 Guidelines range is that defined by the Sentencing Table in U.S.S.G.

1   Chapter 5, Part A , without regard to reductions in the term of
2   imprisonment that may be permissible through the substitution of
3   community confinement or home detention as a result of the offense
4   level falling within Zone B or Zone C of the Sentencing Table.  The
5   parties also agree that the government may respond to a request by
6   defendant for a sentence below the government's recommendation.

7                          NATURE OF THE OFFENSE

8       4.    Defendant understands that for defendant to be guilty of
9   the crime charged in the information, that is, depredation of
10  government property, in violation of Title 18, United States Code,
11  Section 1361, the following must be true: The defendant injured or
12  committed a depredation against property; the property involved was
13  property of the United States or of any department or agency thereof;
14  and the defendant acted willfully.

15                      PENALTIES AND RESTITUTION

16      5.    Defendant understands that the statutory maximum sentence
17  that the Court can impose for a violation of Title 18, United States
18  Code, Section 1361, is: one year imprisonment; a one-year period of
19  supervised release; a fine of $100,000 or twice the gross gain or
20  gross loss resulting from the offense, whichever is greatest; and a
21  mandatory special assessment of $100.

22      6.    Defendant agrees to make full restitution to the victim(s)
23  of the offense to which defendant is pleading guilty.  Defendant
24  agrees that, in return for the USAO's compliance with its obligations
25  under this agreement, the Court may order restitution to persons
26  other than the victim(s) of the offense to which defendant is
27  pleading guilty and in amounts greater than those alleged in the
28  count to which defendant is pleading guilty.  In particular,

                                   4

1  defendant agrees that the Court may order restitution to any victim

2  of any of the following for any losses suffered by that victim as a

3  result: any relevant conduct, as defined in U.S.S.G. § 1B1.3, in

4  connection with the offense to which defendant is pleading guilty.

5  The parties currently believe that the applicable amount of

6  restitution is approximately $325 but recognize and agree that this

7  amount could change based on facts that come to the attention of the

8  parties prior to sentencing.

9      7.   Defendant understands that supervised release is a period

10  of time following imprisonment during which defendant will be subject

11  to various restrictions and requirements.  Defendant understands that

12  if defendant violates one or more of the conditions of any supervised

13  release imposed, defendant may be returned to prison for all or part

14  of the term of supervised release authorized by statute for the

15  offense that resulted in the term of supervised release, which could

16  result in defendant serving a total term of imprisonment greater than

17  the statutory maximum stated above.

18      8.   Defendant understands that, by pleading guilty, defendant

19  may be giving up valuable government benefits and valuable civic

20  rights, such as the right to vote, the right to possess a firearm,

21  the right to hold office, and the right to serve on a jury.

22

23

24                      Defendant understands that the conviction in this case

25  may also subject defendant to various other collateral consequences,

26  including but not limited to revocation of probation, parole, or

27  supervised release in another case and suspension or revocation of a

28  professional license.  Defendant understands that unanticipated

5

1   collateral consequences will not serve as grounds to withdraw

2   defendant's guilty plea.

3       9.   Defendant and his counsel have discussed the fact that, and

4   defendant understands that, if defendant is not a United States

5   citizen, the conviction in this case makes it practically inevitable

6   and a virtual certainty that defendant will be removed or deported

7   from the United States.  Defendant may also be denied United States

8   citizenship and admission to the United States in the future.

9   Defendant understands that while there may be arguments that

10  defendant can raise in immigration proceedings to avoid or delay

11  removal, removal is presumptively mandatory and a virtual certainty

12  in this case.  Defendant further understands that removal and

13  immigration consequences are the subject of a separate proceeding and

14  that no one, including his attorney or the Court, can predict to an

15  absolute certainty the effect of his conviction on his immigration

16  status.  Defendant nevertheless affirms that he wants to plead guilty

17  regardless of any immigration consequences that his plea may entail,

18  even if the consequence is automatic removal from the United States.

19                              FACTUAL BASIS

20      10.  Defendant admits that defendant is, in fact, guilty of the

21  offense to which defendant is agreeing to plead guilty.  Defendant

22  and the USAO agree to the statement of facts provided below and agree

23  that this statement of facts is sufficient to support a plea of

24  guilty to the charge described in this agreement and to establish the

25  Sentencing Guidelines factors set forth in paragraph 12 below but is

26  not meant to be a complete recitation of all facts relevant to the

27  underlying criminal conduct or all facts known to either party that

28  relate to that conduct.

1    On July 3, 2025, United States Border Patrol ("USBP") agents
2  were conducting an operation at the Anaheim Car Wash, located at 400
3  North State College Boulevard in Anaheim, California, to detain
4  individuals suspected of immigration violations.  The USBP agents
5  were wearing uniforms that clearly identified them.  Two USBP agents
6  were leaving the Anaheim Car Wash in a white, 2012 Chevrolet
7  Silverado that was used by the United States Immigration and Customs
8  Enforcement when defendant intentionally threw an object at the
9  Chevrolet Silverado, knowing that there were federal agents inside,
10  shattering the windshield and causing at least $325 in damage.  The
11  Silverado was the property of the United States or a department or
12  agency of the United States.

13                          SENTENCING FACTORS

14    11.  Defendant understands that in determining defendant's
15  sentence the Court is required to calculate the applicable Sentencing
16  Guidelines range and to consider that range, possible departures
17  under the Sentencing Guidelines, and the other sentencing factors set
18  forth in 18 U.S.C. § 3553(a).  Defendant understands that the
19  Sentencing Guidelines are advisory only, that defendant cannot have
20  any expectation of receiving a sentence within the calculated
21  Sentencing Guidelines range, and that after considering the
22  Sentencing Guidelines and the other § 3553(a) factors, the Court will
23  be free to exercise its discretion to impose any sentence it finds
24  appropriate up to the maximum set by statute for the crime of
25  conviction.

26    12.  Defendant and the USAO agree to the following applicable
27  Sentencing Guidelines factors:

28

7

1    Base Offense Level:              6              [U.S.S.G. § 2B1.1

2

3  Defendant and the USAO reserve the right to argue that additional

4  specific offense characteristics, adjustments, and departures under

5  the Sentencing Guidelines are appropriate.  Defendant understands

6  that defendant's offense level could be increased if defendant is a

7  career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's

8  offense level is so altered, defendant and the USAO will not be bound

9  by the agreement to Sentencing Guideline factors set forth above.

10    13.  Defendant understands that there is no agreement as to

11  defendant's criminal history or criminal history category.

12    14.  Defendant and the USAO reserve the right to argue for a

13  sentence outside the sentencing range established by the Sentencing

14  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

15  (a)(2), (a)(3), (a)(6), and (a)(7).

16                    WAIVER OF CONSTITUTIONAL RIGHTS

17    15.  Defendant understands that by pleading guilty, defendant

18  gives up the following rights:

19          a.   The right to persist in a plea of not guilty.

20          b.   The right to a speedy and public trial by jury.

21          c.   The right to be represented by counsel -- and if

22  necessary have the Court appoint counsel -- at trial.  Defendant

23  understands, however, that, defendant retains the right to be

24  represented by counsel -- and if necessary have the Court appoint

25  counsel -- at every other stage of the proceeding.

26          d.   The right to be presumed innocent and to have the

27  burden of proof placed on the government to prove defendant guilty

28  beyond a reasonable doubt.

1    e.    The right to confront and cross-examine witnesses
2  against defendant.

3    f.    The right to testify and to present evidence in
4  opposition to the charges, including the right to compel the
5  attendance of witnesses to testify.

6    g.    The right not to be compelled to testify, and, if
7  defendant chose not to testify or present evidence, to have that
8  choice not be used against defendant.

9    h.    Any and all rights to pursue any affirmative defenses,
10  Fourth Amendment or Fifth Amendment claims, and other pretrial
11  motions that have been filed or could be filed.

12                   WAIVER OF APPEAL OF CONVICTION

13    16.    Defendant understands that, with the exception of an appeal
14  based on a claim that defendant's guilty plea was involuntary, by
15  pleading guilty defendant is waiving and giving up any right to
16  appeal defendant's conviction on the offense to which defendant is
17  pleading guilty.  Defendant understands that this waiver includes,
18  but is not limited to, arguments that the statute to which defendant
19  is pleading guilty is unconstitutional, and any and all claims that
20  the statement of facts provided herein is insufficient to support
21  defendant's plea of guilty.

22             LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

23    17.    Defendant gives up the right to appeal all of the
24  following: (a) the procedures and calculations used to determine and
25  impose any portion of the sentence; (b) the term of imprisonment
26  imposed by the Court, including, to the extent permitted by law, the
27  constitutionality or legality of defendant's sentence, provided it is
28  within the statutory maximum; (c) the fine imposed by the Court,

1   provided it is within the statutory maximum;  (d) the amount and

2   terms of any restitution order, provided it requires payment of no

3   more than $325; (e) the term of probation or supervised release

4   imposed by the Court, provided it is within the statutory maximum;

5   and (f) any of the following conditions of probation or supervised

6   release imposed by the Court: the conditions set forth in Second

7   Amended General Order 20-04 of this Court; the drug testing

8   conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the

9   alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

10       18.  Defendant also gives up any right to bring a post-

11  conviction collateral attack on the conviction or sentence, including

12  any order of restitution, except a post-conviction collateral attack

13  based on a claim of ineffective assistance of counsel, a claim of

14  newly discovered evidence, or an explicitly retroactive change in the

15  applicable Sentencing Guidelines, sentencing statutes, or statutes of

16  conviction.  Defendant understands that this waiver includes, but is

17  not limited to, arguments that the statute to which defendant is

18  pleading guilty is unconstitutional, and any and all claims that the

19  statement of facts provided herein is insufficient to support

20  defendant's plea of guilty.

21       19.  This agreement does not affect in any way the right of the

22  USAO to appeal the sentence imposed by the Court.

23       WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

24       20.  Defendant agrees that: (i) any statements made by

25  defendant, under oath, at the guilty plea hearing; (ii) the agreed to

26  factual basis statement in this agreement; and (iii) any evidence

27  derived from such statements, shall be admissible against defendant

28  in any action against defendant, and defendant waives and gives up

10

any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

Defendant further agrees that this paragraph of the agreement is severable. Thus, defendant's waivers are binding and effective even if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept his guilty plea, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects this agreement. Defendant also agrees that his waivers are binding and effective even if some other portion of this agreement is found to be invalid by this Court or the Ninth Circuit.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

21. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

<u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

22. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

1                     EFFECTIVE DATE OF AGREEMENT

2        23.  This agreement is effective upon signature and execution of

3   all required certifications by defendant, defendant's counsel, and an

4   Assistant United States Attorney.

5                          BREACH OF AGREEMENT

6        24.  Defendant agrees that if defendant, at any time after the

7   signature of this agreement and execution of all required

8   certifications by defendant, defendant's counsel, and an Assistant

9   United States Attorney, knowingly violates or fails to perform any of

10  defendant's obligations under this agreement ("a breach"), the USAO

11  may declare this agreement breached.  All of defendant's obligations

12  are material, a single breach of this agreement is sufficient for the

13  USAO to declare a breach, and defendant shall not be deemed to have

14  cured a breach without the express agreement of the USAO in writing.

15  If the USAO declares this agreement breached, and the Court finds

16  such a breach to have occurred, then: (a) if defendant has previously

17  entered a guilty plea pursuant to this agreement, defendant will not

18  be able to withdraw the guilty plea, and (b) the USAO will be

19  relieved of all its obligations under this agreement.

20          COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

21                          OFFICE NOT PARTIES

22       25.  Defendant understands that the Court and the United States

23  Probation and Pretrial Services Office are not parties to this

24  agreement and need not accept any of the USAO's sentencing

25  recommendations or the parties' agreements to facts or sentencing

26  factors.

27       26.  Defendant understands that both defendant and the USAO are

28  free to: (a) supplement the facts by supplying relevant information

                                   12

to the United States Probation and Pretrial Services Office and the

Court, (b) correct any and all factual misstatements relating to the

Court's Sentencing Guidelines calculations and determination of

sentence, and (c) argue on appeal and collateral review that the

Court's Sentencing Guidelines calculations and the sentence it

chooses to impose are not error, although each party agrees to

maintain its view that the calculations in paragraph 12 are

consistent with the facts of this case.  While this paragraph permits

both the USAO and defendant to submit full and complete factual

information to the United States Probation and Pretrial Services

Office and the Court, even if that factual information may be viewed

as inconsistent with the facts agreed to in this agreement, this

paragraph does not affect defendant's and the USAO's obligations not

to contest the facts agreed to in this agreement.

27.  Defendant understands that even if the Court ignores any

sentencing recommendation, finds facts or reaches conclusions

different from those agreed to, and/or imposes any sentence up to the

maximum established by statute, defendant cannot, for that reason,

withdraw defendant's guilty plea, and defendant will remain bound to

fulfill all defendant's obligations under this agreement.  Defendant

understands that no one -- not the prosecutor, defendant's attorney,

or the Court -- can make a binding prediction or promise regarding

the sentence defendant will receive, except that it will be within

the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

28.  Defendant understands that, except as set forth herein,

there are no promises, understandings, or agreements between the USAO

and defendant or defendant's attorney, and that no additional

13

1  promise, understanding, or agreement may be entered into unless in a

2  writing signed by all parties or on the record in court.

3                PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

4       29.  The parties agree that this agreement will be considered

5  part of the record of defendant's guilty plea hearing as if the

6  entire agreement had been read into the record of the proceeding.

7  AGREED AND ACCEPTED

8  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
9  CALIFORNIA

10 BILAL A. ESSAYLI
   Acting United States Attorney

11

12 /s/ Kevin Y. Fu                          08/04/2025
   _____        _____
   KEVIN Y. FU                               Date
13 Assistant United States Attorney

14 _____        _____
   GABRIEL RODRIGUEZ                         Date
15 Defendant

16 _____        _____
   ZULU ALI                                  Date
17 Attorney for Defendant Gabriel
   Rodriguez

18

19

20

21                     CERTIFICATION OF DEFENDANT

22      I have read this agreement in its entirety.  I have had enough

23 time to review and consider this agreement, and I have carefully and

   thoroughly discussed every part of it with my attorney.  I understand

24 the terms of this agreement, and I voluntarily agree to those terms.

25 I have discussed the evidence with my attorney, and my attorney has

26 advised me of my rights, of possible pretrial motions that might be

27 filed, of possible defenses that might be asserted either prior to or

28

                                    14

promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

### PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

29.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

BILAL A. ESSAYLI
United States Attorney


_____          _____
KEVIN Y. FU                                Date
Assistant United States Attorney

X _Gabriel Rodriguez_                       7-31-25
_____          _____
GABRIEL RODRIGUEZ                          Date
Defendant

                                           7-31-25
_____          _____
ZULU ALI                                   Date
Attorney for Defendant Gabriel
Rodriguez


### CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or

1  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

2  of relevant Sentencing Guidelines provisions, and of the consequences

3  of entering into this agreement.  No promises, inducements, or

4  representations of any kind have been made to me other than those

5  contained in this agreement.  No one has threatened or forced me in

6  any way to enter into this agreement.  I am satisfied with the

7  representation of my attorney in this matter, and I am pleading

8  guilty because I am guilty of the charge and wish to take advantage

9  of the promises set forth in this agreement, and not for any other

10  reason.

11  X _____          7-31-25
                                         _____
12  GABRIEL RODRIGUEZ                     Date
    Defendant

13

14

15

16                 CERTIFICATION OF DEFENDANT'S ATTORNEY

17      I am Gabriel Rodriguez's attorney.  I have carefully and

18  thoroughly discussed every part of this agreement with my client.

19  Further, I have fully advised my client of his rights, of possible

20  pretrial motions that might be filed, of possible defenses that might

21  be asserted either prior to or at trial, of the sentencing factors

22  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

23  provisions, and of the consequences of entering into this agreement.

24  To my knowledge: no promises, inducements, or representations of any

25  kind have been made to my client other than those contained in this

26  agreement; no one has threatened or forced my client in any way to

27  enter into this agreement; my client's decision to enter into this

28  agreement is an informed and voluntary one; and the factual basis set

                                   15

forth in this agreement is sufficient to support my client's entry of

a guilty plea pursuant to this agreement.

_____         7-31-25
ZULU ALI                                 _____
Attorney for Defendant Gabriel           Date
Rodriguez

1

2

3

4

5

6

7

8

9                              UNITED STATES DISTRICT COURT

10                       FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,              No.

11              Plaintiff,             I N F O R M A T I O N

12                   v.                [18 U.S.C. § 1361: Depredation
                                       of Government Property (Class A
13    GABRIEL RODRIGUEZ,               Misdemeanor)]

14              Defendant.

15

16         The United States Attorney charges:

17                         [21 U.S.C. § 851]

18                       [CLASS A MISDEMEANOR]

19         On or about July 3, 2025, in Orange County, within the

20    Central District of California, defendant GABRIEL RODRIGUEZ

21    willfully injured and committed a depredation against property

22    //

23    //

24    //

25    //

26    //

27    //

28

1   of the United States, namely a white, 2012 Chevrolet Silverado

2   used by the United States Immigration and Customs Enforcement.

3

4                                     BILAL A. ESSAYLI
                                      United States Attorney
5

6

7                                     CHRISTINA T. SHAY
                                      Assistant United States Attorney
                                      Chief, Criminal Division
8

9                                     MARK P. TAKLA
                                      Assistant United States Attorney
                                      Chief, Orange County Office
10

11                                    MELISSA S. RABBANI
                                      Assistant United States Attorney
                                      Deputy Chief, Orange County
12                                    Office

13                                    KEVIN Y. FU
                                      Assistant United States Attorney
14                                    Orange County Office

15

16

17

18

19

20

21

22

23

24

25

26

27

28