BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
KEVIN Y. FU (Cal. Bar No. 319465)
Assistant United States Attorney
Orange County Office
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3576
    E-mail:    kevin.fu@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GABRIEL RODRIGUEZ,<br><br>    Defendant. | No. 8:25-CR-146-KES-1<br><br>GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT GABRIEL RODRIGUEZ<br><br>Sentencing Date: October 8, 2025<br>Sentencing Time: 1:00 p.m. |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Kevin Y. Fu, hereby files its sentencing position for defendant Gabriel Rodriguez.

    This sentencing position is based upon the attached memorandum

//
//
//
//
//
//

of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 6, 2025         Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

*/s/ Kevin Y. Fu*
KEVIN Y. FU
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

1 **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Gabriel Rodriguez ("defendant") pleaded guilty to a single count information in <u>United States v. Gabriel Rodriguez</u>, Cr. No. 8:25-CR-146-KES-1, which charges defendant with depredation against government property, in violation of 18 U.S.C. § 1361.

The government recommends that defendant be sentenced to a statutory maximum term of 12 months imprisonment and be ordered to pay the special assessment of $25 as well as restitution in the amount of $325.  Following this period of imprisonment, the government believes that a one-year period of supervised release, under the standard terms set forth in Second Amended General Order No. 20-04, (<u>see</u> Dkt. 20 at 20-25) and the additional terms outlined by the U.S. Probation Officer, (Dkt. 19 at 6-8), is appropriate.

**II.   FACTUAL BACKGROUND**

On July 3, 2025, United States Border Patrol ("USBP") agents were conducting an operation at the Anaheim Car Wash, located at 400 North State College Boulevard in Anaheim, California, to detain individuals suspected of immigration violations.  The USBP agents were wearing uniforms that clearly identified them.  Two USBP agents were leaving the Anaheim Car Wash in a white, 2012 Chevrolet Silverado that was used by the United States Immigration and Customs Enforcement when defendant intentionally threw an object at the Chevrolet Silverado, knowing that there were federal agents inside, shattering the windshield and causing at least $325 in damage.  The Silverado was the property of the United States or a department or agency of the United States.

As indicated in the presentence report, "One USBP agent was driving, and one was in the passenger seat. The USBP agent driving the truck indicated that he felt pieces of glass making contact with the glasses that he was wearing. The USBP agent sitting in the passenger seat sustained a minor cut on his hand. The detainee, who was in the back passenger seat, complained that a piece of glass had become lodged in his eye and was taken to the hospital." (Dkt. 20 at 5.)

**III. THE GOVERNMENT'S POSITION**

The United States Probation and Pretrial Services Office ("USPPO") calculates the total offense level in this case to be 4 and the criminal history category to be IV, which results in a guidelines range of 2 to 8 months. (Dkt. 20 at 3.) While the government agrees with the USPPO's calculation as to the criminal history category, the government reaches a different conclusion as to the total offense level.

Like the USPPO, the government begins its guidelines calculation with a base offense level of 6 pursuant to U.S.S.G. § 2B1.1. However, the government believes that the specific offense characteristic enumerated in U.S.S.G. § 2B1.1(b)(16) applies in this case to raise the offense level to 14. Section 2B1.1(b)(16) applies if the offense involved "the conscious or reckless risk of death or serious bodily injury." Here, defendant threw an object at a moving vehicle with sufficient force to shatter the windshield and cause glass pieces to make contact with the USBP officers and to cause glass to become lodged in a detainee's eye. If the object had gone through the windshield – which could have happened if the officers had accelerated at the wrong time – the object itself could have hit

the people in the car.  Accordingly, the government believes the specific offense characteristic set forth in § 2B1.1(b)(16) applies. Because defendant accepted responsibility, the government recommends that the offense level be reduced by two levels pursuant to U.S.S.G. § 3E1.1.  Accordingly, the total offense level should be 12. Factoring in the criminal history category of IV, the resulting guidelines range is 21-27 months.

In this case, the statutory maximum sentence is one year, which is 9 months lower than the low-end sentence. Given the seriousness of defendant's actions and the fact that the statutory maximum sentence is 9 months lower than the low-end sentence, the government believes a sentence of one year is appropriate.  Following the one-year sentence, the government believes that one year of supervised release under the standard terms set forth in Second Amended General Order No. 20-04, (see Dkt. 20 at 20-25), and the additional terms outlined by the U.S. Probation Officer, (Dkt. 19 at 6-8), is appropriate.  The government also recommends that defendant be required to pay the $25 special assessment, as well as restitution in the amount of $325.