**Zulu Ali, Esq. (SBN 252998)**
**LAW OFFICES OF ZULU ALI & ASSOCIATES, LLP.**
2900 Adams Street, Suite C13
Riverside, California 92504
Tel No.: 951-782-8722
Fax No.: 951-346-9101

**Attorney for Defendant**

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br><br>      **Plaintiff,** )<br><br>      **vs.** )<br><br>**GABRIEL RODRIGUEZ** )<br><br>      **Defendant** )<br>_____ ) | **Case No. CR No. 8:25-cr-00146-KES**<br><br>**DEFENDANT GABRIAL RODRIGUEZ SENTENCING POSITION**<br><br>**Judge:** Magistrate Judge Karen E. Scott<br>**Date:** 10/8/2025<br>**Time:** 1:00 p.m.<br>**Dept.:** 6B |

Defendant Gabriel Rodriguez ("Defendant"), through his counsel of record, Zulu Ali, Esq., hereby files this sentencing position for the Court's consideration. For the reasons stated below, Defendant respectfully requests that the Court sentence Defendant to 4 months; alternatively, probation.

Respectfully Submitted,

Dated: October 8, 2025                    By:    /s/ ZULU ALI
                                                                Zulu Ali, Esq
                                                                *Attorney for Defendant*

1

DEFENDANT'S SENTENCING POSITION – MEMORANDUM OF POINTS AND
AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    FACTUAL BACKGROUND

On July 3, 2025, Border Patrol agents were conducting an operation in Anaheim, California.  While detaining a person,  Defendant threw an object at the Border Patrol truck, shattering the windshield and causing approximately $325 in damage.

On September 12, 2025, Gabriel Rodriguez (Rodriguez) pled guilty to a Single-Count 18 U.S.C. § 1361: Depredation Against Government Property.  Defendant and Government entered into a  Plea Agreement, stipulated to a factual basis, and agreed to a base offense level of 6, pursuant to USSG §2B1.1(a)(2).  The Government agreed to recommend a 2-level reduction for acceptance of responsibility, pursuant to USSG §3E1.1., and move for an additional 1-level reduction if available under that section.

The Government agrees to recommend that Rodriguez be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range.

Defendant requests that this Court sentence Defendant to 4 months; alternatively, probation or supervised release.

### II.    LAW AND ANALYSIS

**A.    Applicable Sentencing Standard**

The Supreme Court of the United States has held that the Sentencing Reform Act of 1984 not the Sentencing Guidelines—governs sentencing decisions. *United States v. Booker*, 543 U.S. 220, 260-61 (2005); 18 U.S.C. §3553(a). The guidelines are neither the only nor even the primary consideration in fashioning a sentencing in particular case—they are purely advisory. *Id.* The "overarching" directive of sentencing is that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purpose [of sentencing]." *Kimbrough v. United*

DEFENDANT'S SENTENCING POSITION – MEMORANDUM OF POINTS AND AUTHORITIES

*States,* 552 U.S. 85, 101 (2007). This "parsimony principle" is the key requirement that a sentence must satisfy. *See also, Nelson v. United States*, 555 U.S. 350, 352 (2009) (per curiam) (reaffirming prior opinions stating that the guidelines are not to be presumed reasonable); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (finding that the sentencing guidelines to be given no more weight than any other § 3553(a) factor).

Where the sentencing court determines that the defendant should be sentenced outside the guidelines range, the court need not justify that variance based upon "extraordinary circumstances." *Gall v. United States*, 552 U.S. 38, 47 (2007). Neither must the court apply "a rigid mathematical formula that uses the percentage of a departure as the standard for determine the strengths of the justifications required for a specific sentence." *Id.* at 47. Instead, the sentencing judge only "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. *Id.* at 50.

Notably, "a sentencing judge must consider all the 18 U.S.C.S. § 3553(a) factors in arriving at a sentence." *United States v. Ringgold*, 571 F.3d 948, 949 (9th Cir. 2009). With regard to the sentencing factors under 18 U.S.C.S. § 3553, the factors include: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established by the U.S. Sentencing Guidelines Manual; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants who have similar criminal records and have been found guilty of similar conduct; and (7) the need to provide restitution to victims." *United States v. Crowe*, 563 F.3d 969, 971 (9th Cir. 2009).

DEFENDANT'S SENTENCING POSITION – MEMORANDUM OF POINTS AND AUTHORITIES

Defendant respectfully requests that this Court sentence him to 4 months; alternatively, probation or supervised release.

**B. The Nature and Circumstances of the Offense Weigh in Favor of Lower Sentence.**

The conduct in this case would favor a lower sentence. The damage caused is approximately $325.00. Given the relative low damage and nature of the offense, a lower sentence should be favored.

**C.    The History and Characteristics of Mr. Felix-Ukwu Weigh in Favor of this Court Giving the Lowest Possible Sentence.**

Notably, 18 U.S.C. § 3553(a) also takes into account "character, physical and mental condition, family ties, employment, financial resources, community ties, past conduct, criminal history, and drug and alcohol abuse." *United States v. Ball*, No. 2:15-cr-00419-CAS, 2020 U.S. Dist. LEXIS 140863, at *9 (C.D. Cal. Aug. 5, 2020).

Defendant suffers from anxiety. He does not use alcohol or drugs. Defendant attended Valencia High School, in Placentia, for the ninth through 12th grades, until he was shot in April 2018. Defendant graduated from El Camino Real High School, in Placentia, in 2020. Defendant attended Cosmetica Latina, in Bellflower, California, from approximately 2023 to November of 2024 and received a cosmetology certificate.

Defendant plans to take the barber's license exam once he is back home and pursue a career in being a Barbar. Prior to incarceration, from September 2024 to July 2025, Defendant was employed at Jesse's Barbershop in Anaheim. He earned approximately $600 per week working five days per week. Defendant will be able to return to this employment upon his release.

Based on the equities set forth above, Defendant respectfully requests that this Court sentence him to 4 months; alternatively, probation or supervised release.

4

DEFENDANT'S SENTENCING POSITION – MEMORANDUM OF POINTS AND
AUTHORITIES

**D.    Alternative Sentencing**

The Court has the discretion to sentence Defendant to a number of different forms of alternative sentencing. Defendant is amenable to the Court fashioning a sentence that is fit to his specific needs, circumstances, and history and allows him the opportunity to remain out of physical custody so that he may continue to be a contributing member of society.

**E.    Need to Avoid Unwarranted Sentence Disparities**

Allowing Defendant the opportunity to receive a sentence taking into consideration his individual specific history, character, and upbringing will not result in unwarranted sentence disparities.

**F.    Need to Provide Restitution to Any Victims**

Mr. Felix-Ukwu is amenable to pay the appropriate amount of restitution.

For these reasons, Defendant respectfully requests that this Court sentence him to 4 months; alternatively, probation or supervised release.

Respectfully Submitted,


Dated: <u>October 8, 2025</u>                          By:    <u>/s/ ZULU ALI              </u>
                                                              Zulu Ali, Esq

                                                              *Attorney for Defendant*

DEFENDANT'S SENTENCING POSITION – MEMORANDUM OF POINTS AND AUTHORITIES

**PROOF OF SERVICE**

I am employed in the County of Riverside, State of California. I am over age of 18 and not a party to the within action. My business address is 2900 Adams Street Suite C 13, Riverside, CA 92504.

On October 8, 2025, I served the following documents and any all attached exhibits, supplements and documents, described as:

**DEFENDANT GABRIAL RODRIGUEZ SENTENCING POSITION**

Via U.S. Mail, postage prepaid, To:

**Kevin Yu-Chien Fu**
**AUSA - Office of US Attorney**
**Santa Ana Division**
**411 West 4th Street, Suite 8000**
**Santa Ana, CA 92701**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 8, 2025 at Riverside, California.


___/s/ *Zulu Ali*_____
ZULU ALI, ESQ., Declarant

6

DEFENDANT'S SENTENCING POSITION – MEMORANDUM OF POINTS AND AUTHORITIES